**BOWMAN AND BROOKE LLP**
Paul A. Alarcon (SBN: 275036)
       paul.alarcon@bowmanandbrooke.com
Samuel Q. Schleier (SBN: 312449)
       sam.schleier@bowmanandbrooke.com
Colton F. Parks (SBN: 322491)
       colton.parks@bowmanandbrooke.com
970 West 190th Street, Suite 700
Torrance, California 90502
Tel No.:     (310) 768-3068
Fax No.:    (310) 719-1019

Attorneys for Defendants
Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO COURTHOUSE

| | |
|---|---|
| Jane Doe LS 155,<br><br>            Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., a Delaware Corporation; RASIER, LLC, a Delaware Limited Liability Company; RASIER-CA, LLC, a Delaware Limited Liability Company, and DOES 1 through 50, Inclusive,<br><br>            Defendants. | Case No.: 3:23-cv-04374-LB<br><br>**DECLARATION OF PAUL A. ALARCON IN SUPPORT OF STIPULATION AND [PROPOSED] ORDER RE: MOTION TO TRANSFER BRIEFING SCHEDULE, EXTENSION OF TIME FOR DEFENDANTS TO BRING A MOTION TO DISMISS, AND CONTINUANCE OF CASE MANAGEMENT CONFERENCE AND RELATED DEADLINES**<br><br>Complaint Filed:   August 24, 2023<br>Trial Date:            None |

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1

**Declaration of Paul A. Alarcon in Support of Stipulation and [Proposed] Order**

*Jane Doe LS 155 v. Uber Technologies, Inc., et al.*
3:23-cv-04374-LB

## **DECLARATION OF PAUL A. ALARCON**

I, Paul A. Alarcon, declare as follows:

1. I am an attorney duly licensed to practice law before all courts of the State of California. I am a Partner at the law firm Bowman and Brooke LLP, counsel of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC ("Defendants"). I make this declaration of my personal knowledge. If called as a witness, I could and would competently testify to the matters set forth herein.

2. This declaration is made in support of Defendants and Plaintiff Jane Doe LS 155's ("Plaintiff") Stipulation and [Proposed] Order re: Motion to Transfer Briefing Schedule, Extension of Time for Defendants to Bring a Motion to Dismiss, and Continuance of Case Management Conference and Related Deadlines (the "Stipulation").

3. Plaintiff filed her Complaint on August 24, 2023, and Defendants were served on September 11, 2023. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendants' deadline to respond to the Complaint is October 2, 2023.

4. The Court ordered the parties to file a Joint Case Management Statement on or before November 23, 2023 and for the parties to appear at a Case Management Conference on November 30, 2023 (Doc. No. 5).

5. Counsel for Plaintiff and Defendants are engaged in active litigation with regard to several matters recently filed in the Northern District of California.

6. Defendants intend to bring a Motion to Transfer Venue and a Motion to Dismiss in the instant matter. To avoid burdening the Court with unnecessary motions, to promote judicial efficiency, and to provide for the orderly resolution of the case, the parties agree that the Court's resolution of Defendants' Motion to Transfer Venue is a threshold issue that should be decided prior to Defendants' Motion to Dismiss. As a result, the parties agree that Defendants shall file a Motion to Transfer Venue on or before February 2, 2024. Additionally, the parties have sought to litigate the instant matter in good faith, including by way of agreeing to reasonable extensions of time where possible, to ensure that no undue burden falls on the parties, their attorneys, or the Court.

/ / /

7. The parties also agree that good cause exists for a continuance of the deadline to file a Joint Case Management Statement, any related Case Management Conference to be scheduled by the Court, and any related deadlines under the Federal Rules of Civil Procedure or the Civil Local Rules (including any deadlines for ADR compliance) to allow the parties to brief and the Court to rule on Defendants' Motion to Transfer Venue and Motion to Dismiss.

8. The parties agree that, if granted, Defendants' Motion to Transfer Venue would result in the matter being transferred to a different United States District Court, which would moot any deadlines in the instant Court. Additionally, should the Court deny Defendants' Motion to Transfer Venue, Defendants intend to bring a Motion to Dismiss Plaintiff's Complaint, which may fully resolve Plaintiff's claims, if granted. The Court's ruling on Defendants' Motion to Dismiss will affect the parties' discussions regarding the scope of discovery and anticipated timeline to prepare the case for trial, and, as a result, it is premature to set case management deadlines until Defendants' Motion to Transfer Venue and, if necessary, Motion to Dismiss are resolved.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 26, 2023, in Orange, California.

By: */s/ Paul A. Alarcon*
     Paul A. Alarcon

# CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2023, I electronically transmitted the foregoing **DECLARATION OF PAUL A. ALARCON IN SUPPORT OF STIPULATION AND [PROPOSED] ORDER RE: MOTION TO TRANSFER BRIEFING SCHEDULE, EXTENSION OF TIME FOR DEFENDANTS TO BRING A MOTION TO DISMISS, AND CONTINUANCE OF CASE MANAGEMENT CONFERENCE AND RELATED DEADLINES** to the Clerk's Office using the CM/ECF System for filing thereby transmitting a Notice of *Electronic* Filing to all CM/ECF registrants.

*/s/ Louisa Beck*
Louisa Beck